UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

1ST FINANCIAL SD, LLC, *et al.*,

                Plaintiffs,

v.

BRAD LEWIS, *et al.*,

                Defendants.

2:11-cv-00481-RLH -VCF

**O R D E R**

    Before the court is defendant Brad Lewis' Motion To Compel Arbitration and Stay Proceedings Pending Arbitration Pursuant To Federal Arbitration Act, 9 U.S.C. § 1. (#30). Plaintiffs 1st Financial SD, LLC, *et al* filed an Opposition (#36), and defendant filed a Reply (# 41).

    Plaintiffs 1st Financial SD, LLC and Seed Consulting filed their complaint against defendants Brad Lewis, Absolute Indemnity Corporation, and Catalyst Credit asserting claims for (1) copyright infringement, (2) misappropriation of funds (embezzlement), (3) unjust enrichment, (4) civil racketeering, (5) intentional interference with a business, (6) fraud, (7) intentional interference with a contract, (8) intentional interference with a business relationship, (9) breach of fiduciary duty, and (10) misappropriation of trade secrets. (#1). The complaint was filed on March 3, 2011, there are two motions for summary judgment pending (#32 and #33), and the joint pre-trial order is due on December 28, 2011.

    In the present motion to compel arbitration and stay proceedings, defendant Brad Lewis asserts that the parties entered into an agreement which contained a mandatory arbitration provision. (#30 and #30-8). The agreement is titled "Operating Agreement for 1st Financial Nevada, LLC, A Nevada Limited Liability Company" (hereinafter "operating agreement"), and identifies Erik Gantz, Kevin Tussy, Brad Lewis and LVGP, Inc. as "members" and parties to the agreement. (#30-8). The operating agreement bears the signatures of Mr. Gantz and Mr. Tussy, but the signature lines for Mr. Lewis and

LVGP, Inc. are blank. *Id.* Provision 44 of the operating agreement titled "Arbitration," states that "[a]ny dispute between or among the parties hereto shall be decided by arbitration which shall be held in accordance with currently accepted Nevada civil arbitration codes." *Id.*

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986), quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960). Upon review of the operating agreement submitted to the court by defendant Lewis, the court finds that the parties in the action before this court have not agreed to arbitration. (#30-8). Defendant Brad Lewis is the only party in the action before this court that is a party to the operating agreement. *Id.* The operating agreement relates to a company named 1st Financial *Nevada*, which is not involved in this action. *Id.* Further, the operating agreement is un-executed, as it does not bear the signatures of all the parties. *Id.* The court notes that Mr. Gantz testified that the signature on the document is not his, and that he did not sign any such operating agreement. (#36).

Defendant Lewis argues that a California court compelled arbitration in a related action based on the same operating agreement, and thus, this court should as well. (#30). The defendant also argues that the plaintiffs are "judicially estopped" from asserting that the operating agreement is not binding, because their attorney admitted that the California action is subject to arbitration. (#41). The court finds these arguments unpersuasive.

As this court has already held, the California action "is fundamentally different from this case," as it deals with different claims, facts, and parties. (#29). Mr. Gantz, Mr. Fussy, and Mr. Lewis, the parties named in the operating agreement, are all parties in the California action. (#30). Mr. Gantz and Mr. Fussy are not parties in the action before this court. The amended complaint in the California action contains a breach of contract claim relating to the operating agreement at issue. *Id.* The contract claim before this court relates to an agreement between Gregory Darcy and Seed Capital. (#1). While it is true that plaintiffs' attorney Jonathan Hangartner argued in the California action that the "whole dispute

[is] within the scope of the arbitration clause and the arbitrator should decide all of the issues that are subject to arbitration," he was referring to the dispute and issues before the *California* court.[1]  (#41-1). As the action before *this court* involves different parties and is "fundamentally different" from the California action, counsel is not judicially estopped from arguing against arbitration before this court. *New Hampshire v. Maine,* 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(holding that the court looks at several non-exhaustive factors when determining if judicial estoppel applies, including if the "party's later position is clearly inconsistent with its earlier position.")

Accordingly, and for good cause shown,

IT IS ORDERED that Brad Lewis' Motion To Compel Arbitration and Stay Proceedings Pending Arbitration Pursuant To Federal Arbitration Act, 9 U.S.C. § 1 (#30) is DENIED.

DATED this 20th day of December, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court notes that the excerpt from the transcript of the hearing in the California action demonstrates that Mr. Hangartner stated that his clients "don't consent in any sense that [the operating agreement] was a binding contract that was enforced and everything else, but for purposes of the forum, the plaintiff has alleged this is the written agreement that's being – the subject of the dispute here.  That brings the whole dispute within the scope of the arbitration clause and the arbitrator should decide all of the issues that are subject to arbitration."  (#41-1).