UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

1ST FINANCIAL SD, LLC, *et al.*,

          Plaintiffs,

v.

BRAD LEWIS, *et al.*,

          Defendants.

2:11-cv-00481-RLH -VCF

**O R D E R**

Before the court is defendant Brad Lewis' Motion For Relief From Admissions. (#31). Plaintiffs filed an Opposition (#35), and defendant filed a Reply (#42).

**Background**

On September 28, 2011, plaintiffs served their first set of requests for admissions on defendant Lewis. (#31 Exhibit I). On November 1, 2011, two days late, defendant Lewis responded to the requests. (#31 Exhibit J). In the present motion, defendant Lewis asks this court to "enter an order relieving [defendant Lewis] of the deemed admissions, and allowing this case to proceed on its merits." (#31).

**Discussion**

Defendant Lewis asserts that the responses to the requests were two days late due to "the oversight of undersigned counsel," and that the court should permit the withdrawal of his admissions. (#31). Defendant Lewis argues that if the court denies his motion, it will "prevent a trial on the merits of several critical issues in this case," and will not best serve the interests of justice. (#31 and #42). Plaintiffs oppose the motion, and assert that the defendant's admissions should not be withdrawn, because defendant failed to demonstrate that the late responses were due to "excusable neglect." (#35).

    **A.**    **Applicable Law**

Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30

days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Upon a motion by the responding party, the court may permit the admissions to be withdrawn or amended. Fed. R. Civ. P. 36(b). In the Ninth Circuit, a two part test determines whether the withdrawal or amendment is permissible: "(1) the presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995). "The party who obtained the admission has the burden of proving that the withdrawal of the admission would prejudice that party's case." *Id.* (citing *FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir. 1994)). With regards to the prejudice, the court looks at the "difficulty a party may face in proving its case, *eg.*, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Hadley,* 45 F.3d at 1348 (quoting *Brook Village N. Assocs. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982).

### 1. The Presentation of the Merits

The court finds that the defendant has satisfied the first requirement for withdrawal of the admissions. *Hadley*, 45 F.3d at 1348 (stating that the "first half of the test in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation of the merits of the case."). If the requested items were deemed admitted, defendant Lewis would be admitting to the fact that, among other things, he "made unauthorized copies of "The Seed Capital Process."" (#31 Exhibit I). As the deposition testimony evidences, however, Gary Belford admitted that *he* was the one who copied the "Seed Capital Process." (#31 Exhibit K). Therefore, this admission would not only contradict evidence already in the record, but would "practically eliminate any presentation" on the merits of plaintiffs' copyright claim. *Hadley,* 45 F.3d at 1348.

### 2. Prejudice to the Party Obtaining the Admission

As plaintiffs have not argued to the court in their opposition (#35) that they would be prejudiced by the withdrawal of the admissions, the court finds that the second requirement is satisfied. *Hadley*,

45 F.3d at 1348 (placing the burden of demonstrating prejudice on the requesting party.).  Plaintiffs' sole argument in their opposition is that the defendant did not offer evidence of "excusable neglect" or a reasonable explanation for the delay.  (#35).  However, Rule 36 does not require a showing of "excusable neglect," and the plaintiffs do not provide the court with any legal support for their argument.  Fed. R. Civ. P. 36(b).  Further, the court finds that the plaintiffs will not experience "difficulty...in proving [their] case" in light of the withdrawal, as plaintiffs did not argue in their motion for summary judgment (#33) that the items were deemed admitted, and even attached a copy of Lewis' responses to the requests for admissions (#33-3 Exhibit A) as an exhibit.  *Hadley,* 45 F.3d at 1348.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant Brad Lewis' Motion For Relief From Admissions (#31) is GRANTED.

DATED this 21st day of December, 2011.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**

3