UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1st FINANCIAL SD, LLC, a Nevada Limited Liability Company dba SEED CONSULTING, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>BRAD LEWIS, an individual; ABSOLUTE INDEMNITY CORPORATION, a Nevada Corporation; and CATALYST CREDIT,<br><br>    Defendants. | Case No.: 2:11-cv-00481-RLH-VCF<br><br>**O R D E R**<br><br>(Motion for Partial Summary Judgment–#32; Motion for Summary Judgment–#33; Challenge to Magistrate Judge's Order–#46) |

   Before the Court is Defendant Brad Lewis' **Motion for Partial Summary Judgment** (#32, filed Nov. 28, 2011), Plaintiff 1st Financial SD, LLC d/b/a Seed Consulting's **Motion for Summary Judgment** (#33, filed Nov. 28), and Lewis' **Challenge to Magistrate Judge's Order** (#46, filed Jan. 3, 2012). The Court has also considered the various Oppositions and Replies to these motions.

**BACKGROUND**

   This dispute arises out of the business relationship between Brad Lewis, Eric Gantz, and Kevin Tussy. These men have formed businesses related to mortgages and, more recently,

commercial credit consulting services, including Plaintiff 1st Financial. In the summer of 2009 Lewis' relationship with Gantz and Tussy, and thereby 1st Financial, started to deteriorate. 1st Financial alleges that Lewis was not performing as well as he previously had been and that Gantz and Tussy voted to demote him in some way making his pay more directly linked to performance rather than to ownership of the company.

Lewis apparently didn't like the change in his position and pay even though he allegedly accepted it at first. Sometime after the change Lewis began planning a competing business based on the same or similar business model as 1st Financial. Then on September 10, Lewis demanded to meet with Tussy and Gantz to discuss his role at the company. That same day, his attorney sent Tussy and Gantz a letter covering many topics including a statement that Lewis intended to "reimburse himself in the amount of $31,500.00 for [Gantz and Tussy's] unauthorized failure to make full payment to [Lewis] as agreed since June 4, 2009." (Dkt. #38, Resp. Ex. N, Letter dated Sept. 10, 2009.) Lewis then drove to California where he made two withdrawals from a 1st Financial bank account totaling $20,000.00.

After Lewis left 1st Financial he began working on a new implementation of the business model he had worked with at 1st Financial for consumer credit consulting. To operate this new business 1st Financial alleges that Lewis took the Seed Capital Process, a copyrighted work used by 1st Financial, to his new business Catalyst Credit, and illegally used and distributed it. Lewis also obtained certain other internal 1st Financial information from a former 1st Financial employee to help him in his new business venture.

Lewis filed suit against Gantz, Tussy, and others in California alleging breach of contract, among other things, and seeking dissolution and accounting of the parties various business entities. Nearly two years after the initiation of that action, 1st Financial filed suit against Lewis here in Nevada alleging: (1) copyright infringement; (2) misappropriation/embezzlement; (3) unjust enrichment; (4) civil RICO; (5) intentional interference with a business; (6) intentional interference with a business (second claim) (7) fraud; (8) intentional interference with a contract;

1  (9) intentional interference with a business relationship; (10) breach of fiduciary duty; and (11)
2  misappropriation of trade secrets.  Now before the Court are three motions: (1) Lewis' challenge to
3  the Honorable Cam Ferenbach's Order denying his motion to compel arbitration; (2) Lewis'
4  motion for partial summary judgment; and (3) 1st Financial's motion for summary judgment.  For
5  the reasons discussed below, the Court denies the motions, but grants summary judgment on the
6  intentional interference with a business claims *sua sponte* because Nevada does not recognize such
7  a cause of action.

**DISCUSSION**

**I.     Objection/Challenge to Magistrate Judge's Order**

Before the Court is an Order (#44) entered by the Honorable Cam Ferenbach, Magistrate Judge, regarding Lewis' Motion to Compel Arbitration (#30).

Lewis filed Objections to Magistrate Judge Ferenbach's Order (#44) in accordance with Rule IB 3-1 of the Local Rules of Practice of the United States District Court for the District of Nevada. Seed Consulting filed a Response (#49) to the Objections, and this matter was referred for consideration.  (Lewis also filed a Reply (#51), not authorized by the Local Rules.)

The Court has conducted a de novo review of the record in accordance with 28 U.S.C. § 636(b)(1)(A), (B), and (C) and Local Rule IB 3-1 and determines that the Order (#44) is not clearly erroneous or contrary to law and should be affirmed.

**II.    Motions for Summary Judgement**

  **A.    Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis

on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

/

**B.      Analysis**

Neither 1st Financial nor the Defendants have met their burden of showing that there are no genuine issues of material fact except as to one claim. Thus, the Court denies both motions except as to 1st Financial's claims for intentional interference with a business, which fails as a matter of law. The Court will not go into detail on how the parties have failed to meet their burden on each individual claim as it would be a waste of space. However, the Court will detail some examples of how the parties have failed to meet their burden which are representative of all other claims. The Court will also explain its grant of summary judgment on the intentional interference with a business claim.

**1.      Copyright Claim**

Both parties move for summary judgment on 1st Financial's copyright claim without providing sufficient evidence to satisfy their burden. 1st Financial relies on metadata[1] in the file [BEL 0051 CC Flowchart], (Dkt. #33, Ex. O, P), and the receipt of an email containing much of the copyrighted work from Catalyst Credit. First, Plaintiff argues that the metadata establishes that Brad Lewis authored the document. It does not. Plaintiff seems to be confused by how metadata works. The computer does not use the webcam to examine who is at the keyboard typing and designate that person as the author of a document, at least not yet. Rather, the "author" of a Microsoft Word document is whoever registered the copy of Word (unless someone changes the settings later or goes into the document properties and changes it there). In fact, here, the metadata also shows that the last time the document was saved (at least before it was burned to the CD 1st Financial submitted to the Court), the logged in user was "garyb," quite possibly Gary Belford. Interestingly, there is evidence that Gary Belford sent the email from Catalyst Credit that 1st Financial claims contains its copyrighted material, (Dkt. #33, Ex. C, Email from Gary Belford),

---

[1] Metadata is essentially data about data. In the context of this order it refers to file properties such as "author," "last saved by," "editing time," etc. Such metadata can be accessed in the properties dialog box for a particular file. It is generally autogenerated by whatever program creates and edits the file. However, much metadata can be edited by users.

1  and Belford testified that he took and distributed at least some version of the copyrighted work,
2  (Dkt. #37, Resp. Ex. A, Belford Dep. 139:20-141:20, 144:13-147:15).  Lewis, on the other hand,
3  relies on Belford's admission as evidence to support his motion for partial summary judgment.
4  Belford's admission is insufficient to grant summary judgment to Lewis for two reasons: (1) it is
5  unclear what document Belford is discussing in his deposition, and (2) the file's metadata does
6  create a question of fact as to who originally authored the document.  Thus, the Court denies
7  summary judgment on this claim for all parties.

### 2. Misappropriation/Embezzlement, Unjust Enrichment and Civil RICO

9  1st Financial argues that Lewis embezzled money from it.  However, it is unclear to
10 the Court that Lewis does not have a plausible interest in the money he allegedly embezzled due to
11 different events leading up to his withdrawal of the money from 1st Financial's bank account.  If
12 Lewis actually had a right to this money through his agreement with non-parties Grantz and Tussy,
13 then he could not have embezzled the money.  Lewis has also asserted an advice of counsel
14 defense related to his legal right to the funds.  (Dkt. #38, Resp. 9:20-22.)
15 Further, 1st Financial's claim of misappropriation through embezzlement is
16 essentially a necessary predicate to its claims for unjust enrichment and civil RICO.  As to unjust
17 enrichment, 1st Financial would have to show that Lewis was not entitled to the money, which it
18 has not.  As to civil RICO, 1st Financial would have to show that Lewis had criminal intent in
19 taking the money, which it has not.  Without success on its misappropriation claim, the Court
20 cannot grant summary judgment on these other claims at this time.

### 3. Intentional Interference with a Contract

22 To prove intentional interference with a contract a party must show: (1) a valid
23 contract, (2) the defendant's knowledge of the contract, (3) actual disruption of the contract, and
24 (4)resulting damage. *J.J. Indus., LLC v. Bennet* 71 P.3d 1264, 1267 (Nev. 2003).  Here, 1st
25 Financial has failed to provide sufficient evidence of actual disruption or damages for the Court to
26 grant summary judgment. In fact, in its motion, 1st Financial claims that it was able to

1  successfully conduct business with the person it accuses Lewis of interfering with.  This leads the
2  Court to believe, though there is no evidence one way or the other, that Lewis caused no
3  cognizable damage to this contract.

4  **4.    Intentional Interference with a Business**

5  The Court grants summary judgment on 1st Financial's intentional interference
6  with a business claim in favor of Lewis because there is no such claim in Nevada.  1st Financial
7  relies on a 5th Circuit case, *Feminist Women's Health Ctr., Inc. v. Mohammad*, 586 F.2d 530, 551
8  (5th Cir. 1978), that the Nevada Supreme Court once cited for a different (though similar)
9  proposition, *Collins v. Union Federal Savings & Loan Ass'n*, 662 P.2d 610, 620 (Nev. 1983)
10 (citing *Feminist Women's Health Center* for an interference with contractual relations claim, not a
11 seperate interference with business claim).  Thus, 1st Financial has presented an insufficient basis
12 for the Court to recognize a cause of action the Nevada Supreme Court has not expressly adopted.

13 **5.    Conclusion**

14 While the Court does not address each of 1st Financial's claims or arguments, the
15 Court finds its examples sufficient to show that neither 1st Financial nor Lewis have met their
16 burden as to any claim save the interference with business claim.  And the Court only grants
17 summary judgment on that claim because Nevada does not recognize such a claim, not through the
18 demonstration of any uncontroverted facts.
19 /
20 /
21 /
22 /
23 /
24 /
25 /
26 /

AO 72
(Rev. 8/82)

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Challenge to Magistrate Judge's Order (#46) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment (#32) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#33) is DENIED.

IT IS FURTHER ORDERED that the Court *sua sponte* DISMISSES Plaintiff's claims for intentional interference with a business.

Dated: March 20, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**