UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 1st FINANCIAL SD, LLC, a Nevada Limited Liability Company; SEED CONSULTING, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD LEWIS, et al.,<br><br>    Defendants. | Case No. 2:11-cv-00481-MMD-VCF<br><br>ORDER<br><br>(Defs.' Motion in Limine – dkt. no. 64; Defs.' Motion in Limine – dkt. no. 65) |

**I.    SUMMARY**

Before the Court are Defendants Brad Lewis, Absolute Indemnity Corporation, and Catalyst Credit's Motions in Limine (dkt. nos. 64 and 65).

**II.    BACKGROUND**

This trial concerns a dispute arising out of the soured business relationships between Brad Lewis, Eric Gant, and Kevin Tussy. The Court memorialized the details surrounding this case in its March 20, 2012, Order. (Dkt. no. 52.)

Relevant to this Motion, Plaintiffs 1st Financial SD, LLC and Seed Consulting, LLC filed suit against Defendants on March 31, 2011, alleging (1) copyright infringement, (2) misappropriation of funds, (3) unjust enrichment, (4) civil racketeering, (5) intentional interference with a business, (6) fraud, (7) intentional interference with a contract, (8)

intentional interference with a business relationship, (9) breach of a fiduciary duty, and (10) misappropriation of trade secret.  The Court dismissed 1st Financial's intentional interference with a business claim.  (Dkt. no. 52 at 7.)  The remaining claims are scheduled to proceed to trial on October 30, 2012.  (*See* dkt. no. 69.)

## III.    LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question.  *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999).  Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence.  *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds."  *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence."  *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."  *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

## IV. DISCUSSION

### A. Defendants' Motion in Limine Regarding Metadata (dkt. no. 64)

Defendants seek to exclude evidence regarding certain metadata located in allegedly infringing Microsoft Word documents that Plaintiffs plan to use to show that Lewis authored the documents. Defendants argue that the metadata's introduction is more prejudicial than probative, and that evidence of authorship through metadata is inadmissible hearsay not subjection to any hearsay exception. For the reasons discussed below, Defendants' arguments fail.

First, Defendants have not demonstrated that the probative value of this evidence is substantially outweighed by a danger of undue prejudice. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible, though it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 402, 403. The metadata here is relevant, and has at least some probative value. It is relevant to determining who authored the documents at issue (though the parties might rightfully contest *how* relevant it might be), since the presence of metadata identifying an author increases the likelihood that the identified author did in fact create the document. Such evidence is also relevant to the credibility of Lewis and another key witness, Mr. Gary Belford, and relevant to the identification of an agency relationship between Lewis and Catalyst Credit.

Defendants point to language in this Court's Order describing how such metadata does not establish authorship for the purposes of summary judgment. While it is certainly true that the metadata at issue in this case does not conclusively establish authorship, Defendants should be mindful that such language came in the context of a summary judgment motion with a standard of review far different than that which governs admissibility. Relevant evidence is admissible, regardless of the weight of the evidence, provided that its probative value is not substantially outweighed by undue prejudice.

1  *See S.E.C. v. Jasper*, 978 F.3d 1116, 1124 (9th Cir. 2012) ("That an exhibit contains
2  ambiguities generally goes to the weight and not the admissibility of the evidence . . . .").
3  Defendants do not demonstrate any prejudice that might flow from the evidence's
4  introduction, nor could they.

5       Defendants also argue that metadata evidence should be excluded as
6  inadmissible hearsay. They specifically note that the metadata generated in the Belford
7  documents was "machine generated." This fact alone destroys their hearsay claim,
8  since hearsay is defined as a statement made by a declarant. The Federal Rules of
9  Evidence define a declarant as "the *person* who made the statement," and a statement
10  as "a *person's* oral assertion, written assertion, or nonverbal conduct . . . ." Fed. R. Evid.
11  801(a)-(b) (emphases added). Metadata is generated automatically by the software that
12  creates a file, not an individual user. For that reason, it cannot be excluded as hearsay.
13  *See CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 224 (E.D.N.Y. 2009) (citing 5-900
14  Weinstein's Federal Evidence § 900.07[1][a]) ("[A]bsent proof of alteration, computer
15  generated data, such as a time stamp attached to a file when it is saved, is generally
16  admissible and taken as true."); *cf. United States v. Khorozhian*, 333 F.3d 498, 505 (3d
17  Cir. 2003) (citing 4 Mueller & Kirkpatrick, *Federal Evidence* § 380, at 65 (2d ed.1994))
18  (holding that a fax machine's automatically generated header was not hearsay because
19  "nothing 'said' by a machine . . . is hearsay.").

20       Of course, Defendants may challenge the authenticity of the metadata by
21  providing some evidence of alteration, e.g., arguing that the metadata was deliberately
22  altered by an individual, thereby properly characterizing it as hearsay. *See* 5-900
23  Weinstein's Federal Evidence § 900.07[1][a] ("The authenticity of computer-generated
24  data may be challenged if it has been altered . . . . However, some evidence is required
25  to justify excluding metadata."). Defendants make this argument in their Response to
26  Plaintiffs' Motion in Limine. (*See* dkt. no. 70 at 6-7.) To the extent that evidence of
27  metadata alteration is introduced, Defendants may seek a limiting instruction that
28  instructs a jury to disregard the evidence if they believe that the metadata was altered.

Accordingly, Defendants' Motion in Limine regarding metadata (dkt. no. 64.) is denied.

### B. Defendants' Motion in Limine Regarding Damages (dkt. no. 65)

Defendants seek a court order "precluding Plaintiffs from seeking statutory damage or an award of attorney's fees in this matter." Defendants do not tie their Motion to any specific evidence, instead asking the Court to exclude any evidence to support a statutory damage award or attorney's fees on the grounds that the timing of the copyright registration precludes such an award under 17 U.S.C. § 412.

Plaintiffs concede that statutory damages and attorney's fees are unavailable on the copyright infringement claims, but seek these remedies through their other claims. Namely, both of these awards are available through a Nevada civil racketeering claim, NRS § 207.470(1), and attorney's fees are available in a trade secrets misappropriation claim in certain cases, NRS § 600A.060. Consequently, Plaintiffs are prohibited from seeking statutory damages and attorney's fees on their copyright infringement claim, but may do so on their civil racketeering claim or their trade secret misappropriation claims.

Accordingly, Defendants' Motion in Limine regarding damages (dkt. no. 65) is granted in part and denied in part.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion in Limine regarding metadata (dkt. no. 64) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion in Limine regarding damages (dkt. no. 65) is GRANTED in part and DENIED in part.

DATED THIS 5th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE